# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

——————————————————————

)

GUNDISALVO RODRIGUEZ
JIMENEZ, et al.,

)
)
)

    Plaintiffs,

)
)

        v.

)
)

Case No. 17-cv-02506 (APM)

COLUMBIAN STATE, PRESIDENCY
OF THE REPUBLIC OF COLUMBIA,
HIGH COMMISSION FOR PEACE
OFFICE, et al.,

)
)
)
)
)
)

    Defendants.

)
)

——————————————————————

)

## MEMORANDUM OPINION

Plaintiffs Gundisalvo Rodriguez Jimenez, Edison Washington Prado Alava, and Leonardo Adrian Vera Calderón filed this action against the "Columbian State, Presidency of the Republic of Columbia, High Commission for Peace Office and Rodrigo Rivera Salazar." Compl., ECF No. 1. Plaintiffs appear to be citizens of Ecuador, and all Defendants appear to be either a foreign state, i.e., Columbia; an agency or instrumentality of a foreign state; or citizens of Columbia. *Id.* at 2. According to the Complaint, Plaintiffs accuse the government of Columbia of denying "the fundamental human rights" of Plaintiffs Prado Alava and Vera Calderón in violation of a "peace deal" between the Columbia government and "the subversive group FARC-EP." *Id.* Plaintiffs ask the court to "study and evaluate this case." *Id.*

Federal courts in the United States are courts of limited jurisdiction and have the power to hear a case only if the court has subject-matter jurisdiction to do so. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Here, the court knows of no ground on which it can enforce the peace

treaty in question. Indeed, at least with respect to foreign states or their agents and instrumentalities, subject-matter jurisdiction only can arise under the Foreign Sovereign Immunities Act, 28 U.S.C. 1602 *et seq. Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (2014). Plaintiffs have cited no applicable exception under the FSIA, *see* 28 U.S.C. §§ 1605(a), 1605A, to the general presumption in favor of immunity of a foreign sovereign, and the court can discern none from their pleading. Plaintiffs' Complaint therefore is "patently insubstantial, presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (internal quotation marks omitted). Accordingly, the court sua sponte dismisses this matter for lack of subject matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. 2010) (per curiam) ("[A] district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction.").

An Order consistent with this Memorandum Opinion is issued separately.

_____

Dated: November 30, 2017                    Amit P. Mehta
                                            United States District Judge